14-373-cr
United States v. Butters

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                       14-373-cr

TREVLON BUTTERS,

        *Defendant-Appellant*.

_____

| | |
|---|---|
| FOR APPELLEE: | Lan Nguyen, Assistant United States Attorney (David C. James, Assistant United States Attorney, on the brief), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY. |
| FOR DEFENDANT-APPELLANT: | Edward S. Zas, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Trevlon Butters challenges his 70-month sentence, imposed on remand, for possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). Butters was arrested in February 2010 after New York Police Department officers heard four shots fired in Brooklyn, New York. The officers found Butters with a loaded Colt .38 caliber revolver with two live rounds and four spent rounds of ammunition. Butters pled guilty, and the district court determined his Sentencing Guidelines range to be 70 to 87 months, a range attributable in part to an enhancement for obstruction of justice based on false statements Butters made regarding his immigration status. The district court sentenced Butters to 70 months. On a prior appeal, we remanded for the district court to make a specific finding as to whether Butters' false statements were made "with intent to obstruct justice with respect to the investigation, prosecution, or sentencing of this criminal case." United States v. Butters, 513 F. App'x 103, 106 (2d Cir. 2013) (summary order) (internal quotation marks omitted).

On remand, the district court found that the obstruction of justice enhancement did not apply. Accordingly, Butters' new Guidelines range was 57 to 71 months. Nonetheless, after considering the factors set forth in 18 U.S.C. § 3553(a), the court reimposed a sentence of 70 months. On appeal, Butters argues that this sentence was

substantively unreasonable for two principal reasons. First, he contends that the absence of the obstruction of justice enhancement shows that he was less culpable than a defendant who obstructed justice and, therefore, it was substantively unreasonable to give him the same sentence, especially since that sentence is now near the top, rather than at the bottom, of the guideline Guidelines range. Second, Butters argues that the district court failed to consider the disparity between the 70-month sentence and his previous terms of incarceration, none of which exceeded one year.

We will identify substantive unreasonableness only in "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Ingram, 721 F.3d 35, 37 (2d Cir. 2013) (internal quotation marks omitted). Here, the district court explained its reasoning for imposing the same sentence, citing the serious nature of the crime and the escalating seriousness of Butters' criminal activity. The district court also considered Butters' false statements as evidence of his dishonesty, which the court took to discount Butters' statements of remorse and promises not to commit further crimes. The district court's imposition of the same within-Guidelines sentence, after considering the § 3553(a) factors, was therefore not substantively unreasonable.

3

Butters next argues that his sentence is disproportionate to the longest prior sentence he served, relying on our decision in United States v. Mishoe, 241 F.3d 214 (2d Cir. 2001). In Mishoe, we held only that the length of prior sentences is one factor a court may consider in its individual sentencing determination in order for the sentence to have a sufficient deterrent effect that is proportional with the defendant's prior punishments. Id. at 220. As Judge Newman explained, "If, for example, a defendant twice served five or six years and thereafter committed another serious offense, a current sentence might not have an adequate deterrent effect unless it was substantial, perhaps fifteen or twenty years." Id. If, on the other hand, "a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offense might be expected to have the requisite deterrent effect." Id. Here, the district court considered that Butters' prior one-year sentences did not have the desired deterrent effect and, therefore, in light of his escalating criminal activity, it imposed a sentence of 70 months. This determination was supported, not undermined, by our decision in Mishoe, and was within the broad range of reasonable sentencing decisions.

We have considered Butters' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4