15-3709-cr
United States v. Spratley

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          GERARD E. LYNCH,
                  *Circuit Judges*.
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                  *Appellee*,


          v.                                    No. 15-3709-cr

RUSSELL SPRATLEY,
                  *Defendant-Appellant*.
------------------------------------------------------------------------
APPEARING FOR APPELLANT:    JAY S. OVSIOVITCH, Research & Writing Attorney (Robert G. Smith, Assistant Federal Public Defender, *on the brief*), *for* Marianne Mariano, Federal Public Defender, Rochester, New York.

APPEARING FOR APPELLEE:     MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 2, 2015, is AFFIRMED.

Defendant Russell Spratley was convicted based on his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals the resulting 62-month, within-Guidelines prison sentence as procedurally and substantively unreasonable. We apply "a particularly deferential form of abuse-of-discretion review" to such a challenge. *United States v. Cavera*, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (*en banc*); *accord United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. <u>Substantive Challenge</u>

In arguing that his sentence is substantively unreasonable, Spratley bears a heavy burden because we will set aside a sentence on that ground "only in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d at 189 (internal quotation marks omitted); *see United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (explaining that substantive reasonableness review "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the

2

sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law"). That is not this case.

While we do not presume that Spratley's 62-month sentence was substantively reasonable simply because it fell within his 57-to-71-month Guidelines range, we recognize that, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). No different conclusion is warranted here. In concluding that a 62-month sentence was sufficient but not greater than necessary to serve the statutory objectives of federal sentencing, *see* 18 U.S.C. § 3553(a), the district court considered mitigating factors such as Spratley's troubled upbringing, his efforts at rehabilitation, and his need for educational or vocational training, medical care, and other correctional treatment. It also considered, however, that the "life of crime" Spratley had led "for the past fifteen years" included "violent conduct," that past punishments had not deterred him from "dangerous and violent activity," and that his charged "possess[ion of] an illegal stolen gun" was "extremely dangerous conduct." J.A. 122–25. On this record, we cannot conclude that a within-Guidelines 62-month sentence was outside the "broad range" of sentences available to the district court so as to be considered substantively reasonable. *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008).

2.     Procedural Challenge

Although Spratley does not argue the point in any detail, he contends in a footnote that the district court committed procedural error by basing his sentence on perceived

shortcomings in federal firearms laws. We generally will not consider arguments made only in footnotes, *see Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012), but even if Spratley could clear that hurdle, his procedural challenge fails on the merits.

Spratley highlights the district court's statement at sentencing that "we don't have significant gun laws in this country. There [have] been efforts to water down those laws in many respects. But the ones we do have, we need to enforce." J.A. 125. The statement, however, cannot be read in isolation or out of context. As already noted, the record reflects the district court's diligent consideration of the § 3553(a) factors in light of the particular facts of this case. It further reflects the district court's understanding of its parsimony-clause obligation to impose a sentence sufficient but not greater than necessary to serve the objectives stated in § 3553. In these circumstances, there is no merit to the argument that the within-Guidelines sentence rests on any impermissible factor. In short, we identify no procedural error.

3.    Conclusion

We have considered Spratley's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4