17-2569-cr (L)
United States v. Nesbitt

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand eighteen.

PRESENT:    REENA RAGGI
            PETER W. HALL,
            RICHARD J. SULLIVAN,
                    *Circuit Judges.*

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

                    *Appellee,*


        v.                                              Nos. 17-2569-cr (L)
                                                             17-2604-cr (Con)

KEESHAWN NESBITT, AKA BIG HOMIE,

                    *Defendant-Appellant.*

-----------------------------------------------------------------------
FOR APPELLANT:              ARTHUR R. FROST, Frost & Kavanaugh, P.C., Troy,
                           New York.

FOR APPELLEE:              CARINA H. SCHOENBERGER, Assistant United States
                           Attorney, *for* Grant C. Jaquith, United States Attorney
                           for the Northern District of New York, Syracuse, New
                           York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Keeshawn Nesbitt pled guilty without a plea agreement to three counts of being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). The district court sentenced him to 67 months' imprisonment and 36 months' supervised release on each of the three counts, to run concurrently. The court stated that a sentence at the higher end of the applicable advisory Guidelines range was warranted upon review of the 18 U.S.C. § 3553(a) factors because of Nesbitt's criminal history and risk to the community. Specifically, the court determined that "this sentence is sufficient, but not greater than necessary, to meet the goals of sentencing, including the need for the sentence to reflect the seriousness of the offense, promote the respect for the law and provide just punishment for your offense and to afford adequate deterrence to criminal conduct, and finally to protect the public from further crimes that you could commit." J. App'x at 68. Defense counsel made no objections.

Nesbitt challenges his 67-month sentence of imprisonment as substantively unreasonable.[1] We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

---

[1]     Nesbitt's brief states that the sentence imposed "was both procedurally and substantively unreasonable," Appellant's Br. at 4, but makes no argument as to how the sentence was procedurally unreasonable. We therefore have no argument to review on that issue.

The abuse of discretion "standard of review applies to appellate review of all sentencing decisions." *Gall v. United States*, 552 U.S. 38, 49 (2007). This Court has not decided whether an abuse of discretion or plain error standard of review is to be applied where a substantive reasonableness challenge is unpreserved, and we need not decide that question here because Nesbitt's challenge "fails on its merits." *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008).

In determining whether a sentence imposed by the district court is substantively reasonable, we are deferential and do not ask whether we would assign the same weight to a factor the district court did. Instead, the inquiry is limited to whether that factor "can bear the weight assigned it under the totality of circumstances in the case." *United States v. Cavera,* 550 F.3d 180, 191 (2d Cir. 2008) (en banc). "We will set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) (alteration omitted) (quoting *United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012)). "[W]hile we have declined to adopt a *per se* rule, we recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Id.* (quoting *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013)).

The district court and the presentence report both calculated the guidelines range to be 57 to 71 months. At sentencing, the prosecution sought a guidelines range sentence and the defense sought a term of 46 to 57 months. The district court's sentence of 67 months' imprisonment and 36 months of supervised release on each of the three counts, to run

3

concurrently, is certainly located within the range of permissible decisions. It is not substantively unreasonable.

Nesbitt points us to other § 922(g) cases in which we have affirmed a lesser sentence and argues that the circumstances of those cases were more egregious than those of the instant case. *See United States v. Thomas*, 628 F.3d 64 (2d Cir. 2010); *United States v. Spratley*, 665 F. App'x 97 (2d Cir. 2016) (summary order). This argument, however, misses the mark. As an initial matter, this Court has also approved sentences in other § 922(g) cases that were longer than the one imposed here. *See, e.g., United States v. Butters*, 588 F. App'x 12, 13 (2d Cir 2014) (summary order). Moreover, given that "a reviewing court's concern about unwarranted disparities is at a minimum when a sentence is within the Guidelines range," Nesbitt falls far short of his burden in establishing an abuse of discretion by the district court. *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) (internal quotation marks and citation omitted). At bottom, it is not for us to substitute our own judgment for that of the trial court. *Cavera*, 550 F.3d at 189.

We have considered all Nesbitt's arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4