16-2501-cr
United States v. Hilts

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand seventeen.

PRESENT:  RALPH K. WINTER,
                    CHRISTOPHER F. DRONEY,
                                *Circuit Judges*,
                    ANN M. DONNELLY,
                                *District Judge*.[*]

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
                                *Appellee*,

v.                                                                          No. 16-2501-cr

GEORGE R. HILTS, JR.,
                                *Defendant-Appellant*.

---------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:          Molly Corbett, Assistant Federal Public Defender (James P. Egan, Assistant Federal Public Defender, *on the brief*), *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, NY.

---

[*] Judge Ann M. Donnelly, United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE: Steven D. Clymer, Assistant United States Attorney (Michael S. Barnett, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a July 18, 2016 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is **AFFIRMED**.

Defendant-Appellant George R. Hilts, Jr. appeals from the district court's judgment sentencing him to 60 months' imprisonment after he pleaded guilty to two counts of distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Specifically, on two days in April 2014, Hilts sold small amounts of heroin to a confidential informant in Schenectady, New York. In total, Hilts sold 0.346 grams of heroin to the informant in exchange for $110. With an extensive criminal history, including two prior felony drug-trafficking convictions scored as "controlled substance offense[s]" under U.S.S.G. §§ 4B1.1(a) and 4B1.2(b), the 48-year-old Hilts faced a career offender Guidelines range of 151 to 188 months' imprisonment.

Citing the small quantities of heroin that Hilts sold and the need to avoid unwanted sentencing disparities under 18 U.S.C. § 3553(a), the district court varied 91 months below the bottom of Hilts's applicable Guidelines range and imposed a 60-month term of imprisonment. It did not, however, grant Hilts's request for a one-level horizontal departure from the Guidelines under U.S.S.G. § 4A1.3(b), which he premised on the argument that the (career offender) criminal history category of VI substantially overstated the seriousness of his past criminal conduct. On appeal, Hilts challenges the reasonableness of his sentence.

We review sentences for procedural and substantive reasonableness. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "Review for 'unreasonableness' amounts to review for abuse of discretion." *Id.* at 187. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

2

1. Procedural Reasonableness

A district court commits procedural error, for example, where it "fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190 (citation omitted). When, as here, a defendant fails to object to an alleged procedural sentencing error before the district court, we review only for plain error.[1] *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007); *accord United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015).

The sole purported procedural error that Hilts raises on appeal is the district court's refusal to grant his request pursuant to U.S.S.G. § 4A1.3(b) for a one-level horizontal departure from his criminal history category of VI as a career offender.[2] Specifically, he contends that the court's denial of his departure request, while simultaneously varying below the Guidelines range and noting that "a career offender sentence would be excessive in [his] case," demonstrates that the court misunderstood its authority to depart from the career offender Guidelines under § 4A1.3(b).

"A district court's decision not to depart downward is within the court's broad discretion and rarely reviewed on appeal." *United States v. Young*, 811 F.3d 592, 599 (2d Cir. 2016) (internal quotation marks omitted); *accord United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015) (noting that decisions not to depart are "generally unreviewable"). Indeed, "where a defendant has not shown a violation of law or misapplication of the Guidelines, refusal to depart warrants vacatur only if the defendant points to *clear evidence* of a *substantial risk* that the judge misapprehended the scope of his departure authority." *Young*, 811 F.3d at 599 (emphases added) (alterations and internal quotation marks omitted). A district court "is not obliged to give reasons for refusing to depart," and its "silence concerning its refusal to depart downward, generally, does not support an inference that [it] misapprehended its scope of authority." *Id.* (internal quotation marks omitted).

---

[1] Plain error review permits relief only where (1) there is "error," (2) the error "is plain," (3) the error "affects substantial rights," and (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Groysman*, 766 F.3d 147, 155 (2d Cir. 2014) (alterations and internal quotation marks omitted).

[2] Under U.S.S.G. § 4A1.3(b), a downward departure "may" be warranted if "the defendant's criminal history category substantially over-represents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes." We have called this a "'horizontal departure,' as it results in a move from right to left on the sentencing grid." *United States v. Ingram*, 721 F.3d 35, 38–39 (2d Cir. 2013) (per curiam) (Calabresi, J., concurring) (citation omitted). Horizontal departures are "not without constraints," *see id.* at 39, including, most pertinent here, that career offenders may receive only a one-level departure, from criminal history category VI to V. *See* U.S.S.G. § 4A1.3(b)(3)(A).

Upon review of the record, we find no suggestion, much less "clear evidence" of a "substantial risk," that the district court misapprehended its authority to depart under § 4A1.3(b). *See id.*; *accord Robinson*, 799 F.3d at 201. The district court's decision to vary below the career offender Guidelines range is not, as Hilts contends, necessarily inconsistent with its decision not to depart because § 4A1.3(b) depends on a defendant's *criminal history*. The district court varied below the Guidelines expressly *because of certain § 3553(a) factors*, most notably, the small amount of heroin that Hilts sold. *See* J.A. 52 ("[A]fter reviewing the sentencing factors in the statute, including the nature and circumstances of the offenses, two small sales . . . and the need to avoid unwanted sentencing disparities . . . the [c]ourt will impose a non-[G]uidelines sentence based on the small quantities.").

Furthermore, although the court did not also address Hilts's specific request under § 4A1.3(b) for a further reduction, that does not support an inference that the court misapprehended its departure authority. *See Young*, 811 F.3d at 599 (noting that silence does not generally connote misunderstanding). Indeed, the court implicitly rejected Hilts's argument (*i.e.*, the criminal history category of VI overstated his previous criminal conduct) by twice noting that his criminal history was "extensive." *See* J.A. 53; *see also Ingram*, 721 F.3d at 46 (Raggi, J., concurring) (explaining that lack of procedural error was "only reinforced" by district court's references to the defendant's criminal history, including that he had "been involved with the law a lot").

Finally, "we entertain a strong presumption that the sentencing judge has considered all arguments properly presented to h[im], unless the record clearly suggests otherwise." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). The district court indicated that it had reviewed Hilts's sentencing memorandum, which presented his departure argument, as well as the pre-sentence report, which expressly stated that the court had the authority to depart under § 4A1.3.

Accordingly, absent clear evidence in the record demonstrating a substantial risk that the district court misapprehended the scope of its departure authority, Hilts's challenge to his sentence on procedural reasonableness grounds is unavailing.

## 2. Substantive Reasonableness

Hilts also contends that his sentence is substantively unreasonable. Essentially, he asks us to reweigh the § 3553(a) factors, conclude that the district court abused its discretion by varying only 91 months below the applicable Guidelines range, and instruct the district court to vary even further. We do not find Hilts's sentence to be substantively

unreasonable because this is not an "exceptional case[] where the trial court's decision cannot be located within the range of permissible decisions." *See Cavera*, 550 F.3d at 189 (internal quotation marks omitted); *see also United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (noting that even within-Guidelines sentences are substantively reasonable in "overwhelming majority of cases" (internal quotation marks omitted)). Accordingly, Hilts's 60-month sentence—91 months below the applicable Guidelines range—is substantively reasonable.

To the extent that Hilts argues that the district court failed to sufficiently consider, on the record, the § 3553(a) factors, we find his contention unpersuasive. "[A] district judge imposing a sentence [need not] recite every § 3553(a) argument advanced by a defendant[,]" and "we presume that the judge properly considered the sentencing factors even in the absence of a protracted discussion pertaining to each of the factors and all of the defendant's contentions." *Young*, 811 F.3d at 599. At sentencing, the district court specifically mentioned that it "ha[d] considered the sentencing factors in 18 U.S. Code, Section 3553," and it also referred to the small amount of heroin that Hilts sold, the need to avoid unwanted sentencing disparities, Hilts's criminal history, and his behavior during pre-trial release. *See* J.A. 52–53.

### 3. Conclusion

We have considered Hilts's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5