PER CURIAM:
Defendant-Appellant Dwayne Ingram (“Ingram”) appeals from a February 28, 2012 criminal judgment of the district court (Arcara, J.), which imposed a sentence of 144 months’ (12 years’) imprisonment. Ingram had pleaded guilty to two counts of possession with intent to distribute and distribution of cocaine within 1,000 feet of public housing property. 21 U.S.C. §§ 841(a)(1); 860(a). On appeal, Ingram argues that the district court’s sentence was substantively unreasonable. Because we find the sentence, which was below the applicable Guidelines range, to be substantively reasonable, the judgment of the district court is AFFIRMED.
BACKGROUND
On October 7, 2010 an officer of the Lackawanna Police Department, operating undercover, entered the courtyard of the Gates Housing Project in Lackawanna, New York. The officer met with Ingram who, in each of two separate transactions, sold the officer approximately one-half gram of crack cocaine. Ingram was subsequently arrested, and an indictment *37 charged him with two counts of possession with intent to distribute and distribution of cocaine within 1,000 feet of public housing property. 21 U.S.C. §§ 841(a)(1); 860(a). On August 29, 2011, Ingram pled guilty to both counts.
In preparation for sentencing, the probation department prepared a Presentence Investigation Report (“PSR”), which calculated a total offense level of 31 and a criminal history category of VI, for a Guidelines range of 188 to 235 months’ imprisonment. In calculating the Guidelines range, the PSR used the career offender enhancement, U.S.S.G. § 4B1.1. The district court adopted the PSR’s Guidelines range but sentenced Ingram to a below-Guidelines sentence of 144 months’ imprisonment.
Ingram now appeals, arguing that his sentence was substantively unreasonable.
ANALYSIS
“The district courts have discretion to select an appropriate sentence, and in doing so are statutorily bound to consider the factors listed in [18 U.S.C.] § 3553(a), including the advisory Guidelines range.” United States v. Cavera, 550 F.3d 180, 188 (2d Cir.2008) (en banc). We review the district court’s sentence under a “deferential abuse-of-discretion standard.” Id. at 189 (internal quotation marks omitted). “This form of appellate scrutiny encompasses two components: procedural review and substantive review.” Id. When reviewing for substantive reasonableness, “we will not substitute our own judgment for the district court’s on the question of what is sufficient to meet the § 3553(a) considerations in any particular case” but “will instead set aside a district court’s substantive determination only in exceptional cases where the trial court’s decision cannot be located within the range of permissible decisions.” Id. (internal quotation marks omitted).
The district court sentenced Ingram to 144 months’ imprisonment, below the minimum sentence in the Guidelines range. While we have declined to adopt a per se rule, “[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.” United States v. Fernandez, 443 F.3d 19, 27 (2d Cir.2006). Here, the district court’s sentence, while perhaps severe, was well below the Guidelines range. This is not the exceptional case outside the range of permissible decisions.
In urging otherwise, Ingram argues, as he did to the district court, that the career offender enhancement overstates the seriousness of the felony crimes that put him in that category, as well as the risk of harm from future criminal conduct. The record indicates that the district court considered Ingram’s arguments and generally rejected them, finding aggravating circumstances to outweigh mitigating ones in Ingram’s career offender designation. Nevertheless, it was in recognition of some mitigating circumstances that the district court exercised its discretion to grant a Guidelines variance. These decisions fell within the district court’s discretion.
Accordingly, the judgment of the district court is AFFIRMED.
Judge CALABRESI and Judge RAGGI concur in separate opinions.