13-201-cr
United States v. John Highsmith

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand thirteen.

Present:
     ROBERT D. SACK
     PETER W. HALL,
     DEBRA ANN LIVINGSTON,
          *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                                  No. 13-201-cr

JOHN HIGHSMITH,

     *Defendant–Appellant*.

_____

FOR APPELLANT:     Laurie S. Hershey, Esq., Manhasset, NY(on submission).

FOR APPELLEE:     Daniel S. Silver, Peter A. Norling, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York (on submission).

_____

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment of the district court is AFFIRMED.

Defendant–Appellant John Highsmith appeals from an amended judgment imposed following his conviction by guilty plea for conspiracy to distribute 50 grams or more of cocaine base, in violation of  21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), and using and carrying a firearm in relation to that offense, in violation of 18 U.S.C. § 924(c)(1)(A).  The district court sentenced Highsmith to fifteen years' incarceration, ten years' supervised relase, and a $200 special assessment.  On appeal Highsmith argues that district court's sentence was procedurally and substantively unreasonable.  For the reasons set forth below, we affirm the district court's sentence.  We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"We review the district court's sentence under a 'deferential abuse-of-discretion standard.'"  *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (per curiam) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)).  "This review 'encompasses two components: procedural review and substantive review.'"  *United States v. Rodriguez*, 715 F.3d 451, 451 (2d Cir. 2013) (per curiam) (quoting *Cavera*, 550 F.3d at 189).  "[W]here a defendant does not object to a district court's alleged failure to properly consider all of the § 3553(a) factors, our review on appeal is restricted to plain error."  *United States v. Wagner-Dano*, 679 F.3d 83, 89 (2d Cir. 2012).  At the outset, we note that Highsmith raised no objection in the district court to the sentence.  Our review, therefore, is for plain error.

On appeal, Highsmith argues the district court did not adequately consider several factors under 18 U.S.C. § 3553(a) and erred in doubling his sentence under the drug conspiracy charge from a five year mandatory minimum to ten years.  "Failure to consider the § 3553(a) factors constitutes procedural error."  679 F.3d at 88–89.  We have recognized before that "we will not

2

substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Cavera*, 550 F.3d at 189. Contrary to Highsmith's contentions on appeal, the district court did assess the § 3553(a) considerations at the resentencing. Among other items, the district court discussed the presentence report and its recommended sentence under the guidelines, a letter from Highsmith's attorney, a letter from the government, Highsmith's efforts to continue his education, his health, his family, and even policy considerations. Indeed, the district court balanced Highsmith's negative incarceration history against his proactive steps to educate himself while incarcerated. Finally, the court expressly stated that "the sentence I'm going to impose on the defendant will be sufficient, but not greater than necessary, to fulfill the purposes of sentencing under 18 U.S. Code, Section 3553(a)." Resentencing Hr'g Tr. 16, Jan. 4, 2013, ECF No. 44. The district court, therefore, did not err procedurally in assessing the relevant considerations under § 3553(a) prior to sentencing Highsmith.

Similarly, there is no substantive error with the sentence imposed by the district court. In reviewing a sentence for substantive reasonableness, this court will vacate a sentence "when [the district court's] decision cannot be located within the range of permissible decisions or is based on a clearly erroneous factual finding or an error of law." *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007) (internal quotation marks omitted). We do not presume that a sentence is reasonable, but when it falls within the permissible range of sentences, we defer to the district court. *See Wagner-Dano*, 679 F.3d at 95. Here, there was no error. The sentence of fifteen years' incarceration fell within the permissible range of sentences, with the sentencing guidelines recommending an overall sentence of 420 months and the mandatory minimum sentences on both counts to which Highsmith pled guilty each carrying terms of imprisonment of five years to

run consecutively, *see* 21 U.S.C. § 841(b)(1)(B)(iii) and 18 U.S.C. §§ 924(c)(1)(A)(i), (D)(ii). *See, e.g.*, *Ingram*, 721 F.3d at 37 (2d Cir. 2013) (per curiam).

Determining there was no error in the district court's imposition of sentence, much less plain error, we **AFFIRM** the January 10, 2013 amended judgment of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk