14-1472-cr
United States v. Nelson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
    RAYMOND J. LOHIER, JR.,
        <u>Circuit Judges</u>,
    PAMELA K. CHEN,
        <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
   <u>Appellee</u>,

   -v.-          14-1472

DARNELE NELSON,
   <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:    Leslie E. Scott and Hillary K. Green, Federal Public Defender's Office, Western District of New York, Buffalo, New York.

---

* The Honorable Pamela K. Chen, United States District Judge for the Eastern District of New York, sitting by designation.

**FOR APPELLEE:**                Monica J. Richards, Assistant
                                United States Attorney, <u>for</u>
                                William J. Hochul, Jr., United
                                States Attorney for the Western
                                District of New York, Buffalo,
                                New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Darnele Nelson appeals from his sentence imposed by the United States District Court for the Western District of New York (Arcara, <u>J.</u>) after he pleaded guilty to possession of unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Nelson's challenges to the procedural and substantive reasonableness of his sentence are without merit. At sentencing, the district court indicated that it "considered the advisory range and points raised by counsel, the defendant[, and] the government." J.A. 154. In addition, the court "carefully considered the factors in 18 U.S.C. § 3553(a)" and concluded that a sentence of 36 months' imprisonment was "sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2)." <u>Id.</u> The court considered an above-Guidelines sentence, and recognized that it was not bound by the Guidelines, but ultimately imposed a sentence within the Guidelines. <u>Id.</u> at 149, 154.

Although the sentencing court did not explicitly reject counsel's argument that a lower sentence was warranted on the ground that the actual loss suffered by Nelson's victims was less than the loss amount for purposes of sentencing, <u>see</u> U.S.S.G. § 2B1.1, n. 3(F)(i), the record reveals that the court properly considered all of counsel's arguments. <u>See</u> <u>United States v. Fernandez</u>, 443 F.3d 19, 29-30 (2d Cir. 2006) ("[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests

2

otherwise.  The presumption is especially forceful when, as was the case here, the sentencing judge makes abundantly clear that she has read the relevant submissions and that she has considered the § 3553(a) factors."), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007).

"While we have declined to adopt a per se rule, we recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Ingram, 721 F.3d 35, 36 (2d Cir. 2013) (per curiam) (internal quotation marks and alterations omitted).  The record reveals no exceptional circumstance that renders the district court's exercise of its discretionary sentencing authority unreasonable.

For the foregoing reasons, and finding no merit in Nelson's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK