18-2579-cr
*United States v. Seales*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand nineteen.**

PRESENT:
　　　　ROBERT A. KATZMANN,
　　　　　　*Chief Judge*,
　　　　JOHN M. WALKER, Jr.,
　　　　MICHAEL H. PARK,
　　　　　　*Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　　　　　No. 18-2579-cr

MICKAYLA PETERS,

　　　　　　*Defendant*,

KENNETH SEALES aka G,

　　　　　　*Defendant-Appellant*.

---

For Defendant-Appellant:　　　　　　Bruce R. Bryan, Esq., Syracuse, NY.

For Appellee:　　　　　　　　　　　　Matthew J. Lasher, Gregory L. Waples,
　　　　　　　　　　　　　　　　　　Assistant United States Attorneys, *for*

1

Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Kenneth Seales appeals from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*), entered August 28, 2018, sentencing him principally to 90 months' imprisonment for conspiracy to distribute heroin and cocaine base in violation of 21 U.S.C. §§ 846 and 841. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Seales argues that his sentence was substantively unreasonable given, among other things, his background, age, criminal history, and remorse, and the detrimental effect that 90 months in prison will have on his rehabilitation.[1] A sentence is substantively unreasonable if it is "shockingly high" or "otherwise unsupportable as a matter of law." *United States v. Jones*, 878 F.3d 10, 19 (2d Cir. 2017).[2] The weight to be afforded the various mitigating and aggravating factors in any given case "is a matter firmly committed to the discretion of the sentencing judge." *U.S. v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("We will . . . set aside a district court's substantive determination only in exceptional

---

[1] Seales also argues that the district court incorrectly believed that Seales knew that the drugs he was selling contained fentanyl. But the district court made no such factual finding, nor did the court mention fentanyl as a factor that influenced her decision.

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.

cases where the trial court's decision cannot be located within the range of permissible decisions."). Here, a below-guidelines sentence of 90 months' imprisonment is well within the range of permissible decisions. The district court reasonably weighed the mitigating factors which Seales identifies against his criminal history—including his prior convictions for criminal possession of a weapon in the second degree and conspiracy to distribute more than 50 grams of cocaine base—and the other factors set forth in 18 U.S.C. § 3553(a).[3]

Seales also argues that the U.S. Sentencing Guidelines had an improper anchoring effect on the district court, but Seales does not explain how the district court "*irrationally* assign[ed] too much weight to the guidelines range," as "[p]roper reliance on the guidelines is not only rational, but legally compelled." *United States v. Ingram*, 721 F.3d 35, 40 n.2 (2d Cir. 2013) (Calabresi, *J.*, concurring); *see also Peugh v. United States*, 569 U.S. 530, 541 (2013) ("The . . . federal sentencing scheme aims to achieve uniformity by ensuring that sentencing decisions are anchored by the Guidelines and that they remain a meaningful benchmark through the process of appellate review.").

We have considered all of Seales's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[3] The district court also applied a three-level reduction for acceptance of responsibility in calculating the applicable guidelines range.

3