*United States v. Matthews*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty.

PRESENT:    JOHN M. WALKER, JR.,
            PIERRE N. LEVAL,
            JOSEPH F. BIANCO,
                    *Circuit Judges*.

_____

United States of America,

                *Appellee*,

        v.                                                        19-3703

Michael Matthews,

                *Defendant-Appellant*.

_____

For Defendant-Appellant:        ALLEGRA GLASHAUSSER (Edward S. Zas, *on the brief*), *for* Federal Defenders of New York, Inc., New York, NY.

For Appellee:                   KAYLA C. BENSING (Kevin Trowel, *on the brief*), Assistant United States Attorneys, *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant Michael Matthews appeals from an amended judgment entered on November 13, 2019 by the district court.    Matthews pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a), and the district court sentenced him to 235 months' imprisonment followed by three years' supervised release.    On appeal, Matthews argues that his sentence is procedurally and substantively unreasonable.    We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to affirm.

**I.        Procedural Reasonableness**

With respect to Matthews's procedural challenges, he argues the district court "ignored [his] current characteristics" and, instead, "complete[ly] focus[ed]" on his past misbehavior. Appellant's Br. at 21.    He also argues that the court failed to meet the requirements of 18 U.S.C. § 3553(c) by providing a statement of reasons for its imposition of his 235-month sentence. Because Matthews failed to raise his procedural challenge before the district court, we review it for plain error, *United States v. Caltabiano*, 871 F.3d 210, 219 (2d Cir. 2017), and conclude that the standards for plain error are not met.

A district court commits procedural error where it (1) "fails to calculate the Guidelines range," (2) "makes a mistake in its Guidelines calculation," (3) "treats the Guidelines as mandatory," (4) "does not consider the § 3553(a) factors," (5) "rests its sentence on a clearly erroneous finding of fact," or (6) "fails adequately to explain its chosen sentence."    *United States*

2

*v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Although a district court must consider all of the § 3553(a) factors, *id.*, this Court does "not require 'robotic incantations' that the district court has considered each of the § 3553(a) factors," *United States v. Wagner-Dano*, 679 F.3d 83, 89 (2d Cir. 2012) (quoting *Cavera*, 550 F.3d at 193), and "presumes that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise," *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020).

Matthews contends that the district court ignored his mitigating factors of "advanced age, poor health, recent sobriety in the face of a life-long heroin addiction, and demonstrated change shown by his voluntary return to custody after an accidental release." Appellant's Br. at 15. The record, however, does not support this argument. Rather than ignoring these factors, the district court specifically addressed each one of these arguments and explained why it was not affording them great weight. For example, the district court noted Matthews's "difficult upbringing" and his "substantial substance abuse problem," App'x at 95, but viewed his efforts at drug treatment as insufficient and unable to prevent him from engaging in additional robberies, *see* App'x at 104 (noting that he did not get additional drug treatment during his previous incarceration and "went back to his old ways," and it "just cannot be guaranteed that that will not happen again"). Similarly, the district court recognized the studies that recidivism generally drops with age, but then explained that Matthews's advanced age had not prevented him from engaging in violent activity. *See* App'x at 99 ("And we know that the Sentencing Commission . . . has a study about recidivism that shows, as a general matter, the older people get, the less likely they are to recidivate. You do not fit that pattern. You have not desisted at all as you have gotten older, as we see."). The district court reached the same conclusion about his physical

3

ailments when noting that Matthews broke the arm of an off-duty corrections officer during one robbery "despite whatever physical ailments" Matthews had. App'x at 101. Finally, the district court noted Matthews's self-surrender after his accidental release by the Bureau of Prisons ("BOP") but found it did not address his ongoing dangerousness. *See* App'x at 103 ("And I do not need to go into [Matthews's motivation for returning] because . . . in order for the public to be protected from [his] actions, [Matthews] need[s] to be incapacitated."). In short, the district court addressed each of Matthews's arguments for mitigation, and there is no indication in the record that the district court overlooked any sentencing argument or statutory factor. *See United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) ("[I]n the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." (quotation marks omitted)).

Although framed in part as an argument that the district court *ignored* his mitigating arguments, Matthews further argues that the district court failed to "sufficiently consider" these mitigating circumstances. Appellant's Br. at 20; *see also id.* at 3 (arguing that the district court "rel[ied] heavily on his historical characteristics rather than his present characteristics"). Disagreement with the weight the district court assigned to one or more mitigating factors does not provide a ground for a procedural challenge to a substantively reasonable sentence. As we have emphasized, "[i]f the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

4

Matthews's final procedural argument is that the district court failed to conform to the requirement of 18 U.S.C. § 3553(c)(1), when the Guidelines range exceeds 24 months, that the district court "state the reasons for the imposition of the particular sentence." Specifically, he contends the district court "failed to adequately explain why a sentence close to the statutory maximum sentence for bank robbery was necessary." Appellant's Br. at 22. According to Matthews's argument, the district court may have explained why it rejected the considerably lower sentence that Matthews advocated, but that explanation did not satisfy the court's obligation under § 3553(c)(1), when the Guidelines range exceeds 24 months, to explain "the particular sentence imposed," which in this case was at the top of the Guidelines range and a few months shy of the 20-year statutory maximum. Because Matthews failed to make this objection to the district court when the court imposed sentence, he cannot prevail in this argument without satisfying the standards for plain error. Under that standard, Matthews must "establish (1) error (2) that is plain and (3) affects substantial rights, only after which will we consider whether to exercise our discretion to correct it, which is appropriate only if the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Zukerman*, 897 F.3d 423, 427 (2d Cir. 2018) (quotation marks omitted). This standard "authorizes the Courts of Appeals to correct 'particularly egregious errors,' and is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Grote*, 961 F.3d 105, 116 (2d Cir. 2020) (quoting *United States v. Frady*, 456 U.S. 152, 163 & n.14 (1982)).

In considering Matthews's arguments regarding the mitigation factors, the district court specifically rejected Matthews's request for a five-year sentence. *See* App'x at 104 ("[T]he

5

defense request for a sentence of five years, I just cannot stomach. That would be less than what [Matthews] got in the Southern District for seven robberies. And [he] did not take advantage of that."). Moreover, in explaining its reasoning with respect to the sentence, the district court noted Matthews's extensive criminal history and recidivism despite his previous periods of incarceration, and his increasing level of violence in connection with his crimes, including repeated use of violence and threats of violence. In particular, the district court noted that Matthews committed the most recent bank robberies after he failed to appear at a residential reentry center in connection with the 108-month sentence he was serving on his previous conviction in the Southern District of New York for seven separate bank robberies, as well as that Matthews made the same arguments during his immediately previous sentencing—regarding his age, health, and mental health treatment—as he again argued before the district court here. Rather than ceasing his criminal activity after that long sentence, however, the district court noted that Matthews failed to avail himself of drug treatment programs offered by the BOP and the level of violence in connection with his crimes increased. Specifically, Matthews held a knife to a teller and broke the arm of an off-duty corrections officer who attempted to detain Matthews during the commission of one of the bank robberies that was part of the instant offense.

We need not consider whether the court technically erred in failing to say explicitly that the factors it considered were its reasons not only for rejecting the far lower sentence advocated by Matthews but also for choosing the 235-month sentence that the court imposed. This is because, in any event, even if we were to conclude that compliance with § 3553(c) required this further explanation, the failure to do so in these circumstances did not constitute plain error. The factors recited by the district court, even taking full account of Matthews's contrary arguments,

6

justified the sentence imposed for the protection of society from a defendant with such an extensive history of dangerous recidivism.    This sentence was plainly not a miscarriage of justice.

## II.    Substantive Reasonableness

With respect to Matthews's challenge to the substantive reasonableness of the sentence, he argues that, under the circumstances, a 235-month sentence of imprisonment is shockingly high and more than necessary to achieve the goals of sentencing.    We disagree.    This Court will hold that a sentence is substantively unreasonable only when it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice."    *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted).    This Court does not "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," but "will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (quotation marks omitted).

It is uncontested that the advisory Guidelines range here was 188-235 months' imprisonment based on a total offense level of 31 and a criminal history category of VI.    Prior to his commission of the robberies that are the subject of the instant case, Matthews had been convicted of, among other crimes, 12 prior robberies, including one in which he displayed a gun. More specifically, Matthews's extensive criminal history, which spans three decades, included violent assaults, attempted burglary, an attempted robbery of an individual, two state convictions in connection with his robbery of six banks in April to June 2008, and the prior federal conviction in the Southern District of New York for robbing seven banks from June 17, 2011 to August 9,

7

2011 (which occurred while Matthews was on parole for his New York state bank robbery convictions). Moreover, the bank robberies that are the subject of the instant offense included threatening the lives of tellers in exchange for cash; and, in one robbery, holding a bank employee at knifepoint while threatening a bank teller to give him the money before breaking the arm of an off-duty corrections officer who sought to intervene. Given Matthews's extensive criminal history and the increased violence associated with his crimes, we cannot conclude that the district court's sentence at the high end of the Guidelines range is "shockingly high," *Broxmeyer*, 699 F.3d at 289, even in the context of the mitigating factors asserted by Matthews. Ultimately, the district court's sentence of 235 months' imprisonment was "within the range of permissible decisions" based on the facts presented at sentencing. *See Ingram*, 721 F.3d at 37. Accordingly, we conclude that the sentence was substantively reasonable.

\* \* \*

We have considered all of Matthews's remaining arguments and find them to be without merit. For the foregoing reasons, we accordingly **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

8