*United States v. Scott*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-one.

PRESENT:    Dennis Jacobs,
                Steven J. Menashi,
                      *Circuit Judges,*
                Lewis A. Kaplan,
                      *District Judge.*[*]

_____

United States of America,

      *Appellee,*

      v.                            No. 20-2443

---

[*] Judge Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

James L. Scott,

       *Defendant-Appellant*.

_____

*For Appellee*:                      Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, N.Y.

*For Defendant-Appellant*:       Bruce R. Bryan, Manlius, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant James L. Scott appeals from the judgment of the district court entered on July 23, 2020, sentencing him to two concurrent 116-month terms of imprisonment for each of the two counts of being a felon in possession of firearms—in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—to which he pleaded guilty. Scott challenges the below-Guidelines sentence as substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

## I

On January 2, 2019, Scott sold a loaded handgun with an obliterated serial number to a confidential source. Seven days later, Scott sold two more handguns— each loaded, and one with an obliterated serial number—to the same individual. Both Scott and the buyer were on parole at the time of the purchases. On January 29, 2020, Scott pleaded guilty to an information charging him with the two felon-in-possession counts and seeking forfeiture of the firearms and ammunition involved in the commission of the offenses. The presentence investigation report ("PSR") calculated, pursuant to the United States Sentencing Commission Guidelines, an advisory range of 168 to 210 months of imprisonment, reflecting Scott's criminal history category of V and a total offense level of 31. At sentencing, the district court adopted the PSR without objection, considered the parties' submissions, and applied the sentencing factors under 18 U.S.C. § 3553(a) to impose a sentence of 116 months' imprisonment. On appeal, Scott argues that this below-Guidelines sentence was substantively unreasonable. We disagree.

## II

We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2008); *see*

3

*also United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). We "do not substitute our own judgment for that of the district judge," *United States v. Romano*, 794 F.3d 317, 339 (2d Cir. 2015), and will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (citing *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). In sum, "[o]ur review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted); *see also United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

This case does not present such "exceptional" circumstances. *Ingram*, 721 F.3d at 37. While the PSR properly applied certain enhancements under the Guidelines, Scott argues that "there were reasons to discount the enhancements" in light of mitigating facts regarding the nature and circumstances of his offenses. For example, Scott suggests the evidence did not establish that he knew the serial numbers on the guns were obliterated. We have explained, however, that "the

strict-liability nature of the enhancement reasonably imposes the burden upon a felon who illegally possesses a firearm to ensure that the serial number is not obliterated." *United States v. Brown*, 514 F.3d 256, 269 (2d Cir. 2008). In any event, Scott made no objection to the adoption of the PSR, nor does he argue that the district court committed procedural error in applying the enhancements. The district court's decision was well within the range of permissible decisions when it declined to further depart from the Guidelines to "discount" the effect of the enhancements.

Scott also argues that he has "suffered extraordinary punishment not contemplated by the Guidelines" by virtue of his incarceration during the COVID-19 pandemic. But he fails to cite any facts that indicate extraordinary conditions at the institution at which he is incarcerated.[1] Nor does Scott identify an underlying medical condition that puts him at increased risk either of contracting the virus or of suffering its effects. Even if he had, our court has held that a district court does not abuse its discretion if it decides that the § 3553(a) factors do not warrant a sentence reduction even if the defendant has identified an underlying medical

---

[1] The Government notes that vaccinations are so widely available at the institution that more inmates have been vaccinated there than are currently incarcerated.

condition, such as hypertension or diabetes. *See, e.g., United States v. Sledge*, 851 F. App'x 265, 266 (2d Cir. 2021); *United States v. Butler*, 845 F. App'x 74, 75-76 (2d Cir. 2021); *United States v. Roney*, 833 F. App'x 850, 855 (2d Cir. 2020). The district court did not abuse its discretion here.

Similarly, Scott's relative youth does not provide a basis for vacating his sentence as substantively unreasonable. Scott accumulated a substantial criminal history when he committed the offenses of conviction at age 25. He relies on *Graham v. Florida*, 560 U.S. 48 (2010), in which the Supreme Court addressed minors sentenced to life imprisonment without parole. That case, however, is inapposite.

The district court appropriately considered the effects of Scott's imprisonment on his family members when imposing a sentence that was sufficient but not greater than necessary under § 3553(a). The court did not err in declining to defer to Scott's preference for out-of-prison rehabilitation. And the district court adequately considered Scott's expressions of remorse, conveyed through his papers and representations made at the sentencing hearing, and

accorded those expressions appropriate weight in tailoring Scott's 116-month sentence.

*　　*　　*

We have considered Scott's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court