22-543-cr (L)
*United States v. Brock*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-four.

Present:

> DENNIS JACOBS,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.

MARK BROCK, AKA SEALED DEFENDANT 13, ALEXANDER ARGUEDAS, AKA SEALED DEFENDANT 1,

*Defendants-Appellants*.* †

22-543-cr (L);
22-1355-cr (con)

_____

For Appellee:  Danielle R. Sassoon, Andrew Chan, Karl Metzner, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

_____

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

† This order resolves only Defendant-Appellant Mark Brock's appeal, No. 22-543-cr; Defendant-Appellant Alexander Arguedas's appeal, No. 22-1355-cr, will be resolved separately.

1

For Defendant-Appellant:   Dawn M. Cardi, Cardi & Edgar LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Mark Brock appeals from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *District Judge*) entered on March 3, 2022. In January 2019, Brock was charged with various offenses in connection with his role in a gang (the "2019 Offense"). While Brock was being held in pretrial detention at the Metropolitan Correctional Center for those charges, he committed the present offense. Specifically, he participated in the slashing of another inmate—who was suspected of cooperating with law enforcement—using a sharp object designed to be a weapon. Brock then waived indictment and entered a guilty plea pursuant to a plea agreement to a one-count superseding information, which charged him with the possession of contraband in prison, in violation of 18 U.S.C. §§ 1791(a)(2), (b)(3), and 2. In the plea agreement, Brock stipulated to participating in the slashing.

For the 2019 Offense, Judge Andrew L. Carter imposed the mandatory minimum sentence of 84 months of imprisonment, after Brock pled guilty pursuant to a plea agreement to using and carrying a firearm, which was brandished, in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and 2. For the present offense, Judge Furman sentenced Brock to 30 months of imprisonment, which was at the top of the Guidelines range, to be served consecutively to the 84-month sentence imposed by Judge Carter. Brock now appeals, challenging

his sentence for the present offense as both procedurally and substantively unreasonable. We assume the parties' familiarity with the case.

We "review[] the sentences that district courts impose for reasonableness. This standard is a particularly deferential form of abuse-of-discretion review that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *United States v. Davis*, 82 F.4th 190, 195–96 (2d Cir. 2023).[1]

## I.        Procedural Reasonableness

Brock argues that his sentence is procedurally unreasonable based on an alleged disparity between the sentence for the present offense and the sentence for the 2019 Offense. For both sentencing proceedings, Brock submitted a mitigation report, which explained his "psycho-social" history, his above-average intellectual ability, and the mental-health treatment he was receiving in prison. Appellant's Br. at 10. In Brock's view, Judge Furman and Judge Carter were confronted with similar records at sentencing, but while Judge Carter "felt sympathetic and was moved to leniency" based on Brock's history and characteristics, Judge Furman was unmoved. *Id.* at 4. Thus, Brock argues that Judge Furman's decision to sentence him at the top of the Guidelines range, rather than at the bottom of the range (as did Judge Carter), and to make the sentence run consecutively to the one imposed by Judge Carter, resulted in an impermissible disparity under 18 U.S.C. § 3553(a)(6).[2]

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

[2] Brock also argues that the sentence is procedurally unreasonable because the district court failed to sufficiently consider the mitigation report, in violation of the parsimony clause, which requires the district court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, 18 U.S.C. § 3553(a). It is clear that the district court considered the report in question and that Brock simply disagrees with the weight that the district court accorded the report when selecting the sentence. This argument therefore goes to substantive reasonableness, and we address it below.

Brock's argument is unpersuasive. Section 3553(a)(6) requires district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." But section 3553(a)(6) has no bearing on the situation presented here—a purported disparity between the sentences for different crimes committed by the same defendant. Rather, "section 3553(a)(6) [only] requires a district court to consider nationwide sentence disparities," *United States v. Bryant*, 976 F.3d 165, 180 (2d Cir. 2020) (emphasis omitted), that is, disparities between "similar defendants convicted of the same offense," *United States v. Keitt*, 21 F.4th 67, 72 (2d Cir. 2021). The two district judges in Brock's two prosecutions were called upon to impose sentences for two completely different crimes, and there is nothing in section 3553(a)(6) that suggests any procedural obligation to align those two unrelated sentences in any particular way. Even if a defendant receives a sentence at the low end of a Guidelines range for one offense in one prosecution, there is no baseline assumption that he should also receive a sentence at the low end of a different Guidelines range (which might be markedly higher or lower) for a separate offense in a second prosecution. Accordingly, the district court did not commit procedural error.

## II.    Substantive Reasonableness

We review the substantive reasonableness of a sentence "based on the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Martinez*, 991 F.3d 347, 359 (2d Cir. 2021). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013). Rather, we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be

located within the range of permissible decisions." *Id.* "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds*, *Rita v. United States*, 551 U.S. 338 (2007). We will reverse only when "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Brock argues that the sentence is substantively unreasonable because the district court failed to give sufficient weight to his history and characteristics and the mitigation report. But "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). Furthermore, as the district court explained at sentencing, there was ample justification for the sentence imposed, in particular, the fact that Brock committed an "extremely serious," "despicable," and "intolerable" crime—involving an attack on an inmate suspected of cooperating with law enforcement authorities—while on pretrial detention for the 2019 Offense. App'x at 288. The district court considered Brock's history and characteristics but nevertheless determined that a "substantial sentence" was necessary due to Brock's serious criminal history. *Id.* at 289. The district court also noted that imposing a sentence that runs concurrently with the sentence for the 2019 Offense "would effectively give a free pass to crimes" committed by defendants on pretrial detention. *Id.* at 288. In light of those circumstances, the sentence imposed was substantively reasonable.

\*    \*    \*

5

We have considered Brock's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
