25-499-cr
*United States v. Aryeetey*

# In the
# United States Court of Appeals
# for the Second Circuit

————

August Term 2025
Argued: February 6, 2026
Decided: March 3, 2026

No. 25-499-cr

————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.

IVANJOEL ARYEETEY,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of New York
No. 1:23-cr-561-1, John P. Cronan, *Judge.*

————

Before: CABRANES, NARDINI, and KAHN, *Circuit Judges.*

———————

1

Defendant-Appellant Ivanjoel Aryeetey appeals from a judgment of conviction and sentence entered in the United States District Court for the Southern District of New York (John P. Cronan, *J.*).  A jury convicted Aryeetey of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Judge Cronan sentenced Aryeetey to a below-Guidelines sentence of 78 months' imprisonment followed by three years of supervised release.  On appeal, Aryeetey asserts: (1) that the district court abused its discretion by permitting the government to introduce DNA evidence at trial despite its missing the court's Rule 16 disclosure deadline and (2) that his sentence is substantively unreasonable.  We find Aryeetey's arguments unpersuasive and accordingly **AFFIRM** his conviction and sentence in all respects.

————————

<div style="margin-left:30%">

WILLIAM K. STONE (Ryan T. Nees and Jacob R. Fiddelman, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

MARTIN S. BELL (Andrew W. Marrero, *on the brief*), Simpson Thacher & Bartlett LLP, New York, NY, *for Defendant-Appellant*.

</div>

————————

Maria Araújo Kahn, *Circuit Judge*:

Defendant-Appellant Ivanjoel Aryeetey appeals from a judgment of

conviction and sentence entered in the United States District Court for the

Southern District of New York (John P. Cronan, *J.*).  A jury convicted Aryeetey of

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Judge

Cronan sentenced Aryeetey to a below-Guidelines sentence of 78 months' imprisonment followed by three years of supervised release. On appeal Aryeetey asserts: (1) that the district court abused its discretion by permitting the government to introduce DNA evidence despite its missing the court's Rule 16 expert disclosure deadline, and (2) that his sentence is substantively unreasonable. We find Aryeetey's arguments unpersuasive and accordingly **AFFIRM** his conviction and sentence in all respects.

## BACKGROUND

### I. OFFENSE CONDUCT

In the late afternoon of September 5, 2023, Aryeetey was driving on Washington Avenue in the Bronx. He was accompanied by a friend who was sitting in the front passenger seat. NYPD officers observed Aryeetey driving without a seatbelt and attempted to pull him over. Aryeetey, who was serving a term of federal supervised release at that time, sped away until, about two minutes later, he crashed into a parked car. Upon crashing, Aryeetey climbed out of the car's window and fled on foot. While fleeing, two bystanders saw Aryeetey throw a dark green bag over a fence into a construction lot. The construction lot was located across the street from a school. After tossing the bag, Aryeetey briefly hid

3

in a nearby auto-body shop. Once discovered by the shop owner, he jumped over a fence and ran away.

Following the pursuit, NYPD officers recovered the bag, which contained a loaded 9-millimeter Taurus firearm with a defaced serial number, from the construction lot. They also searched the car and found Aryeetey's photo ID and cell phone. That same day, an NYPD evidence collection technician swabbed the firearm for DNA.

Aryeetey was arrested on October 5, 2023, after reporting for a scheduled visit with probation. On October 31, 2023, a grand jury returned an indictment against Aryeetey, charging him with one count of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).

## II. RULE 16 EXPERT DISCLOSURE

On June 17, 2024, the district court entered a pretrial scheduling order, setting October 28, 2024, as the trial date, and setting August 16, 2024, as the "deadline for the Government's expert disclosures pursuant to Federal Rule of Civil Procedure 16(a)(1)(G)." App'x 17. On September 13, 2024, four weeks after the expert disclosure deadline, the government, pursuant to a search warrant, collected Aryeetey's DNA and sent it to the New York City Office of the Chief

4

Medical Examiner ("OCME") for testing. Before the OCME completed testing, on October 7, 2024, Aryeetey filed a motion *in limine* seeking to admit the anticipated DNA results arguing that "evidence of another person's DNA on the firearm" would undermine the government's case. Mot. in Lim., *United States v. Aryeetey*, 23-cr-00561-JPC (S.D.N.Y. Oct. 7, 2024), ECF No. 55, at 2.

The government received the OCME report on October 17, 2024, two months after the court's expert disclosure deadline, and provided the report to the defense that same day. The report stated, among other things, that a DNA sample from the gun contained a mixture of DNA from four sources that was roughly "3.48 billion . . . times more probable" to have come from "Aryeetey and three unknown persons" than "four unknown persons." App'x 1038. The day after receiving the report Aryeetey moved to exclude the evidence. On October 21, 2024, seven days before trial, the government opposed Aryeetey's motion and provided formal written notice of its proffered expert testimony.

At a pretrial conference on October 23, 2024, the district court denied Aryeetey's motion to exclude. The court found that the government was negligent in meeting the disclosure deadline and had failed to explain why it "waited until after [the court's] expert disclosure deadline to even begin the DNA testing."

5

App'x 82.  However, the court found that Aryeetey was not substantially prejudiced because he "was on notice of the pending DNA analysis for six weeks" and had previously moved *in limine* to admit the evidence.  *Id.* at 83.  Nonetheless, to remedy the government's late disclosure, the court offered Aryeetey a continuance of 21 days or 42 days, or to "find other possible dates" if necessary.  App'x 79.  Aryeetey declined and instead asked only for a one-day continuance, which the court granted.

### III.   TRIAL AND SENTENCING

Trial commenced on October 29, 2024.  In his defense, Aryeetey attempted to establish that the green bag belonged to the passenger of the car and that he did not know it contained a gun when he fled.  On November 6, 2024, the jury found Aryeetey guilty of being a felon in possession of a firearm.  Without objection from the parties, the court found that the applicable Guidelines range of imprisonment was 110 to 137 months.  The court sentenced Aryeetey to 78 months' imprisonment, to be followed by three years' supervised release, and imposed a $100 mandatory special assessment.  This appeal followed.

# DISCUSSION

## I.  RULE 16 VIOLATION

Federal Rule of Criminal Procedure 16(a)(1)(G) requires the government to disclose "to the defendant, in writing . . . any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705." Fed. R. Crim. P. 16(a)(1)(G)(i). The Rule also requires the court to "set a time for the government to make its disclosures," which "must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii). This latter provision was added in 2022 to "ensure enforceable deadlines that the prior provisions lacked." Fed. R. Crim. P. 16(a)(1)(G)(ii) advisory committee's note to 2022 amendment. Aryeetey contends that the 2022 amendment emphasizes the necessity of timely pretrial disclosures and that, in light of the rule change and the circumstances of this case, any remedy short of exclusion of the DNA evidence represents an abuse of discretion.

We are unpersuaded that the 2022 amendment to Rule 16 in any way curtails the district court's discretion to fashion an appropriate remedy for noncompliance with discovery orders. The new deadlines do not set a rigid timeframe for parties to make expert disclosures. Rather, Rule 16(a)(1)(G)(ii) and 16(b)(1)(C)(ii) impose

7

a reciprocal requirement on both the government and the defense to make expert disclosures "sufficiently before trial to provide a fair opportunity" for each party to meet the adversary's evidence. *See* Fed. R. Crim. P. 16(a)(1)(G)(ii); Fed. R. Crim. P. 16(b)(1)(C)(ii). The advisory committee notes make clear that "the amendment does not itself set a specific time for the disclosures," but rather "allows courts to tailor disclosure deadlines to local conditions or specific cases." Fed. R. Crim. P. 16 advisory committee's note to 2022 amendment. If district courts have discretion to set deadlines, surely they retain discretion to modify them and to fashion a remedy for Rule 16 violations. Indeed, the advisory committee notes expressly state that district courts "retain[] discretion under Rule 16(d) . . . to alter deadlines to ensure adequate trial preparation." *Id.*

Moreover, Rule 16(d), which was unchanged by the 2022 amendment, vests district courts with broad remedial discretion. It provides that a court may order a noncompliant party to permit discovery, "grant a continuance," "prohibit [a noncompliant] party from introducing the undisclosed evidence," or "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). We have consistently reiterated, pursuant to Rule 16(d)(2), that "[w]hen the government has failed to comply with Rule 16, the district court has broad

discretion to determine what remedial action, if any, is appropriate." *United States v. Miller*, 116 F.3d 641, 681 (2d Cir. 1997) (citing Fed. R. Crim. P. 16(d)(2)); *see also United States v. Walker*, 974 F.3d 193, 204 (2d Cir. 2020) ("[W]hen the government violates Rule 16, the district court has broad discretion in fashioning a remedy, including by granting the defense a continuance." (citations and internal quotation marks omitted)). That the court must now "set a time for the government to make its disclosures," Fed. R. Crim. P. 16(a)(1)(G)(ii), does not limit the court's remedial discretion pursuant to Rule 16(d), and certainly does not indicate that untimely disclosures must always, or even usually, result in exclusion. Preclusion remains "a drastic remedy and is not warranted where . . . the nondisclosure was not a product of bad faith." *United States v. Wynder*, 147 F.4th 200, 215 (2d Cir. 2025). Accordingly, we reject Aryeetey's suggestion that exclusion is warranted here in light of the addition of Rule 16(a)(1)(G)(ii). *Cf. United States v. Eby*, No. 24-3716, 2025 WL 3688925, at *5 (6th Cir. Dec. 19, 2025) (finding no abuse of discretion in admitting belatedly disclosed trial exhibits where the defendant "failed to establish prejudice").

We further hold that the district court operated well within its discretion in admitting the DNA evidence subject to a continuance. Neither party disputes that

9

the district court correctly found that the government acted negligently, but without bad faith in failing to meet the court's disclosure deadline. Additionally, the untimely disclosure did not substantially prejudice Aryeetey's defense because, as the district court found, he "was on notice of the pending DNA analysis for six weeks" and was thus aware that "the government would seek to introduce the results at trial if they were favorable to the prosecution." App'x 83–84. Given the lack of bad faith and undue surprise, a continuance was more than adequate to remedy the government's late disclosure. *See, e.g.*, *United States v. Felder*, 993 F.3d 57, 74 (2d Cir. 2021) (affirming that "the district court fashioned a satisfactory remedy by granting [the defendant] a six-day continuance" where the government disclosed during trial its intent to elicit expert testimony); *Miller*, 116 F.3d at 681 (finding no abuse of discretion for admitting document the government disclosed "shortly before calling its final direct-case witnesses" in part because the court indicated that it "would entertain a request for a continuance if needed"); *United States v. Canada*, 858 F. App'x 436, 439 (2d Cir. 2021) (summary order) (finding no abuse of discretion for admitting expert testimony disclosed "the night before the last day of trial" because there was "no bad faith as the government

10

notified the defense as soon as it became aware that [the defendant]'s cell site records might still be available").

Aryeetey claims that a continuance was ineffective and that it placed him between the proverbial rock and hard place: he could either go to trial on schedule and unprepared, or alternatively, accept a continuance and give the government extra time to prepare while he languished in the Metropolitan Detention Center. His position is not unreasonable. Rule 16's discovery obligations are "intended to minimize surprise" and "reduce the need for continuances." Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment. The government's dilatory disclosure frustrated that purpose. Although the government explained that its delay was because the parties were engaged in discussions that would have resulted in a pre-trial resolution,[1] it offered no explanation for failing to seek a brief extension of the court's disclosure deadline as that deadline approached. To be clear, the government may not ignore court orders even if it believes it has a good reason for its delay. When the government or defense fail to heed the discovery

---

[1] *See* Oral Arg. Audio Recording at 17:15–20:05 (explaining that the government was attempting to negotiate a plea, and that in such situations, the government does not always expend the resources to conduct DNA testing, but acknowledging that the government should have requested a continuance before the deadline lapsed).

11

deadlines, as here, the district court retains discretion to remedy manifest discovery misconduct as "is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

However, the prejudice Aryeetey points to on appeal—his prolonged detention at the MDC and the additional preparation time for the government— are insufficient to merit reversal. "Reversal is warranted only where the nondisclosure 'results in substantial prejudice to the defendant.'" *See Wynder*, 147 F.4th at 215 (quoting *United States v. Sanchez*, 912 F.2d 18, 21 (2d Cir. 1990)). "Substantial prejudice" in this context "means more than that the [evidence] was damaging to the defendant: the defendant must demonstrate that the untimely disclosure of the [evidence] adversely affected some aspect of his trial strategy." *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016) (alterations adopted and internal quotation marks omitted). The delayed disclosure did not impair Aryeetey's trial strategy. Aryeetey fails to argue, either here or below, that he had insufficient time to meet the government's belated evidence; indeed, that he requested only a one-day continuance cuts against any such argument. App'x 118 ("[W]e believe that we are going to be able to effectively address the issue and the DNA witness in a relatively short space of time . . . ."). Absent such a showing, we

12

affirm. *Compare Walker*, 974 F.3d at 198, 204 (finding no substantial prejudice where government disclosed incriminating fingerprint evidence "just days before trial was scheduled to begin" in part because the court offered the defendant "a lengthy continuance" which the defendant "declined" and rejecting the argument "that a continuance was an insufficient remedy because it would have interfered with [the defendant's] liberty interest[s]") *with United States v. Ulbricht*, 858 F.3d 71, 115–16 (2d Cir. 2017) (finding substantial prejudice where the opponent was "due to rest the following day" and had "no time to prepare to respond to the experts" and where "a continuance might have caused the court to lose" two jurors), *overruled on other grounds by Carpenter v. United States*, 585 U.S. 296 (2018).

## II. SENTENCING

Aryeetey also challenges the substantive reasonableness of his below-Guidelines sentence of 78 months' imprisonment, arguing that it shocks the conscience because the evidence showed only that he "knowingly possessed the gun for a couple of minutes before tossing the bag into a vacant construction yard." Appellant Br. 22.

"Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high,

shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (alterations adopted and internal quotation marks omitted). "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted). We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

Aryeetey's below-Guidelines sentence falls comfortably within the permissible range. As the district court correctly observed, "the conduct here was serious and dangerous." App'x 990. While serving a term of supervised release, Aryeetey fled from the police in a busy area during rush hour, putting "[a]nyone in the area . . . at risk of serious injury, if not death, from his reckless actions." *Id.* at 991. After crashing into a parked car, he proceeded to throw a "loaded firearm with a defaced serial number," *id.*, into a construction lot located "across from a school," *id.* at 973. The seriousness of this conduct was "all the more troubling

14

because it was not the first time Mr. Aryeetey unlawfully possessed a firearm," *id.* at 993, "further reflect[ing] an ongoing need for deterrence to protect the public and instill in him respect for the law," *id.* at 998. These factors readily "bear the weight assigned [to them by the district court] under the totality of [the] circumstances." *Cavera*, 550 F.3d at 191.

The duration of Aryeetey's illegal possession does not change this analysis. The district court considered this argument, App'x 991–93, before imposing Aryeetey's below-Guidelines sentence. *See, e.g., id.* at 993 ("[The] brief period of possession by Mr. Aryeetey do[es] inform the seriousness of the offense and the need for just punishment."). *But see id.* at 991 ("I do easily find, at a minimum, that Mr. Aryeetey learned of the gun while in the car, took possession of the gun knowingly, and attempted to flee from the police in possession of the gun."). However, Aryeetey's "disagreement with the district court's weighing of [the Section 3553(a)] factors alone does not render his sentence substantively unreasonable." *United States v. Rivera*, 115 F.4th 141, 153 (2d Cir. 2024). Instead, considering all the reasons set forth by the district court, and with due deference to its decision, we conclude that Aryeetey's sentence is within the "overwhelming majority of cases" where a Guidelines sentence "fall[s] comfortably within the

broad range of sentences that would be reasonable in the particular circumstances." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013); *see also United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) ("It is . . . difficult to find that a below-Guidelines sentence is unreasonable.").

## CONCLUSION

Accordingly, the judgment of the district court is **AFFIRMED**.