21-2510-cr
*United States v. Sheldon*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

United States of America,

    *Appellee*,

    v.                                                                 21-2510-cr

Wynn Harris Sheldon,

    *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | DANIEL S. NOOTER, Washington, DC. |
| **FOR APPELLEE:** | RAJIT S. DOSANJH, Assistant United States Attorney (Michael S. Barnett, *on the brief*), *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on October 4, 2021, is **AFFIRMED**.

Defendant-Appellant Wynn Harris Sheldon pled guilty on September 27, 2000, to assault with intent to commit robbery in violation of 18 U.S.C. § 2114(a). Sheldon was sentenced as a career offender to a term of incarceration of 188 months, to be followed by the statutory maximum of five-years' supervised release. Sheldon completed his term of incarceration and began his term of supervised release on January 3, 2018.

Sheldon subsequently violated the terms of his supervised release and pled guilty to criminal possession of stolen property in the third degree, and was sentenced to an additional twenty-four months' imprisonment followed by twenty months' supervised release. Sheldon served his second term of imprisonment and recommenced supervised release in February of 2021. Sheldon again violated the terms of his supervised release by testing positive for cocaine use, failing to comply with mandatory drug testing, and failing to comply with mandatory substance abuse treatment. Sheldon pled guilty to two drug-related violations of his supervised release and the district court revoked Sheldon's probation and sentenced him to an additional ten-months' imprisonment to be followed by twenty-four months' supervised release. Sheldon timely appealed this sentence as both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

I.      Procedural Objections

We review a sentence for both substantive and procedural reasonableness under a

"deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007). Sheldon claims that the district court failed to properly consider the section 3553(a) factors and did not adequately explain the sentence imposed. Because Sheldon did not raise these procedural objections to his sentence with the district court, we review his objections for plain error. *See United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020). Under this standard, we have the discretion to correct an error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings" when there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks and alterations omitted). As we explain below, we find no procedural error, much less plain error.

*A. Section 3553(c)*

Sheldon argues that the district court's reimposition of a twenty-four-month supervised release term was procedurally unreasonable because the district court failed to adequately explain the reasons for the sentence. A sentencing court must "state in open court the reasons for its imposition of the particular sentence . . . ." 18 U.S.C. § 3553(c). To satisfy this open court requirement, "a district court must sufficiently explain its reasoning so that the parties, the public, and a reviewing court can understand the justification for the sentence . . . ." *Aldeen*, 792 F.3d at 255. When a district court explains its sentencing decision, however, "the length and level of detail required varies depending upon the circumstances." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007). "Where, as here, the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012).

There was no plain error in this case. A district court satisfies the open court requirement

of section 3553(c) when the sentencing judge listens to the arguments of the parties, considers relevant circumstances, and provides a plain, brief statement of reasons for the sentence. *See Rita v. United States*, 551 U.S. 338, 356–59 (2007) (upholding a sentence as procedurally reasonable when the record made clear that the sentencing judge considered the arguments of the parties and stated that the within-Guidelines sentence was "appropriate"); *see also Villafuerte*, 502 F.3d at 210 ("When the district court imposes a Guidelines sentence, it may not need to offer a lengthy explanation, particularly where the parties have not argued meaningfully against a Guidelines sentence under § 3553(a) or for a departure."). A review of the sentencing transcript shows that the district court engaged with, and disagreed with, Sheldon's argument that he would better manage his cocaine addiction through a brief stay in a halfway house rather than a lengthier supervised release sentence (which may include inpatient or outpatient addiction treatment). The district court acknowledged a letter request from the defendant; considered the policy statements and probation report; and heard from the government, which explained that it preferred a lengthier sentence and supervised release period because of Sheldon's extensive criminal history, the nature of his offenses, and his repeated failure to adhere to the terms of supervised release. The district court discussed Sheldon's "extensive history of substance abuse prior to this offense" and Sheldon's "repeat pattern" of recidivism. *See id.*

It is discernable from the sentencing transcript that the district court imposed its sentence because the court believed that an extended supervised release would be the best approach to manage Sheldon's cocaine addiction and because of the breach of trust represented by Sheldon's repeated recidivism. The sentencing court met the open court requirements of section 3553(c). *See Rita*, 551 U.S. at 356–57 (explaining that a sentencing court has satisfied its obligations under section 3553(c) when a "reasoned basis for exercising his own legal decisionmaking authority" is

discernable from the record).

B. *Section 3553(a)*

Sheldon also argues that the sentencing court failed to properly consider the sentencing factors articulated in 18 U.S.C. § 3553(a). The sentencing court, "in determining whether to include a term of supervised release" and "in determining the length of the term and the conditions of supervised release, shall consider" various factors established in section 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need to "afford adequate deterrence to criminal conduct"; the need to "protect the public from further crimes of the defendant"; and the need "to provide the defendant with necessary educational services, vocational training, medical care, or other correctional treatment in the most effective manner[.]" *See id.* §§ 3553(a), 3583(c). A district judge, however, "is not obligated to discuss each section 3553(a) factor on the record or even to note those factors were considered before imposing a sentence." *United States v. Pugh*, 945 F.3d 9, 25 (2d Cir. 2019). We are to "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *Id.*

A review of the sentencing transcript demonstrates that the district court at the very least considered the defendant's need for substance abuse treatment, the nature of the offense, and the history and characteristics of Sheldon. The district court, furthermore, reviewed the policy statements, and explicitly referenced the recommended sentence and presentence report during sentencing. "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005); *see also*

*Cassesse*, 685 F.3d at 192 (finding no error because "the record shows that [the district court] was aware of the appropriate policy statements and the relevant advisory terms of imprisonment"). We therefore cannot conclude that the district court procedurally erred by failing to consider such factors. *See Pugh*, 945 F.3d at 25.

II.        Substantive Objections

Sheldon challenges the substantive reasonableness of the twenty-four-month term of supervised release. Under the "deferential abuse-of-discretion standard," *Gall*, 552 U.S. at 41, this Court will set aside only those sentences that, while procedurally correct, "would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Pursuant to this authority, we find that Sheldon's sentence was substantively reasonable.

Sheldon challenges the substantive reasonableness of the twenty-four-month supervised release term on two specific grounds: (1) the term of supervised release was imposed as a means of treating Sheldon's cocaine addiction in violation of *Tapia v. United States*, 564 U.S. 319 (2011), and (2) the term is entirely futile in light of Sheldon's longstanding and severe addiction to cocaine. Each of these arguments fail.

The Supreme Court's holding in *Tapia* concerned the imposition of *prison* sentences. *See* 564 U.S. at 330–31 (explaining, after discussing a sentencing court's authority to consider rehabilitative needs when determining supervised release terms, that "[i]f Congress had *similarly* meant to allow courts to base prison terms on offenders' rehabilitative needs, it would have given courts the capacity to ensure that offenders participate in prison correctional programs" (emphasis added)). The purpose of supervised release is, in part, to fulfill "rehabilitative ends, distinct from

6

those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). The district court therefore did not abuse its discretion in considering rehabilitation in determining that a twenty-four-month term of supervised release was appropriate.

As to the futility of the term of supervised release, Congress has made the determination that supervised release serves an important rehabilitative purpose and that sentencing courts must consider its use to help rehabilitate convicted individuals. 18 U.S.C. §§ 3553(a)(2)(D), 3583(c) (the sentencing court must consider the need for "medical care, or other correctional treatment" when setting a term of supervised release). Courts may use supervised release to attempt to rehabilitate individuals who suffer from addiction and who have already violated the drug-related terms of their supervised release. *See United States v. Brooks*, 889 F.3d 95, 102–03 (2d Cir. 2018) (per curiam). The reimposition of supervised release is appropriate even in difficult cases in which the defendant has a history of recidivism and compliance is perhaps unlikely. *See Johnson*, 529 U.S. at 709–10 (explaining that "no prisoner needs [supervised release] more than one who has already tried liberty and failed. He is the problem case among problem cases, and Congress asserting that 'every releasee who does need supervision will receive it,' seems very unlikely to have meant to compel courts to wash their hands of the worst cases at the end of reimprisonment." (internal citation omitted)).

In light of the above authority it cannot be said—simply because Sheldon suffers from a severe addiction and is perhaps unlikely to adhere to the terms of his supervised release—that the twenty-four-month period of renewed supervised release is an "exceptional case[] where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013); *see also Brooks*, 889 F.3d at 103 (explaining that "cases are legion" in which individuals struggling with drug addiction who have "repeated" drug

7

violations are sentenced to terms of supervised release).

In conclusion, we find that Sheldon's sentence was both procedurally and substantively reasonable.  We have considered all of Sheldon's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
