22-559 (L)
*United States v. Devine*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

v.                                   22-559, 22-606

MARTIN DEVINE, AKA Party, AKA P,

     *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | Molly K. Corbett, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Martin Devine appeals from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*) sentencing him, in relevant part, to 36 months' imprisonment for violating the terms and conditions of his supervised release. Devine's term of supervised release arose out of his convictions for (1) distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and (2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court originally sentenced Devine to 120 months' imprisonment on each count of conviction, to run concurrently, and a total of 6 years' supervised release. Subsequently, the district court reduced Devine's term of imprisonment to 100 months on each count, and Devine began his term of supervised release on October 27, 2017.

While Devine was on supervised release, the Probation Office requested—and the district court granted—four separate modifications to the terms and conditions of his supervised release. Those modifications were made because Devine tested positive for use of drugs, including marijuana and methamphetamine, and was the subject of an active arrest warrant related to a state charge of criminal mischief. After Devine continued to violate those modified terms and conditions, the Probation Office filed a petition to revoke his supervised release. The Probation Office alleged six violations of the terms of Devine's supervised release: (1) possession of two loaded handguns; (2) an incident of criminal mischief giving rise to an active arrest warrant; (3) discovery of a felony quantity of ecstasy at Devine's residence; (4) drug use, based on a

2

presumptive positive test for methamphetamine and multiple urine tests that were positive for marijuana; (5) association with convicted felons without approval; and (6) noncompliance with a search condition related to a cell phone in Devine's possession. The government subsequently filed a criminal complaint against Devine in the Northern District of New York, charging him with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Devine pled guilty to that charge and admitted each of the violations of supervised release alleged in the amended revocation petition, except for that related to the criminal mischief incident.

The district court held a combined sentencing hearing and revocation proceeding for Devine's felon-in-possession charge and his supervised release violations. As to the felon-in-possession charge, the district court sentenced Devine to 57 months' imprisonment, followed by three years of supervised release. As to the supervised release violations, the district court imposed a 36-month term of imprisonment, to run consecutively to the felon-in-possession sentence, with no supervised release to follow. Devine appeals only the sentence of 36 months' imprisonment for his supervised release violations, on the grounds that the sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      Procedural Reasonableness**

Devine argues that the district court committed procedural error in two respects: (1) by sentencing Devine to the statutory maximum of 36 months' imprisonment based on a belief that his criminal conduct was "continuous" and "nonstop," and (2) by failing to provide reasons for imposing an above-Guidelines sentence. At the time of sentencing, the district court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C.

3

§ 3553(c). No "specific formulas or incantations" are required to satisfy this obligation; "rather, the length and detail required of a district court's explanation varies according to the circumstances." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012). Nevertheless, the district court must provide enough reasoning to "(1) inform[] the defendant of the reasons for his sentence, (2) permit[] meaningful appellate review, (3) enabl[e] the public to learn why the defendant received a particular sentence, and (4) guid[e] probation officers and prison officials in developing a program to meet the defendant's needs." *Id.* at 192–93 (internal citation omitted).

Before it can revoke a term of supervised release, the district court must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). Absent contrary record evidence, we presume "that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Pugh*, 945 F.3d 9, 25 (2d Cir. 2019) (internal citation omitted). The district judge is not required to "discuss each section 3553(a) factor on the record or even to note that those factors were considered before imposing [a] sentence." *Id.* So long as the district judge "is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance," we presume that "the requisite consideration has occurred." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005).

Because Devine failed to object to the district court's explanation of his sentence, we review only for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 207–08 (2d Cir. 2007); *United States v. Verkhoglyad*, 516 F.3d 122, 127–28 (2d Cir. 2008). The plain error standard requires Devine to show that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [Devine's] substantial rights, which in the

4

ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). Devine's assertion of procedural unreasonableness fails under this standard.

First, the record belies Devine's argument that his criminal history was not "continuous" or "nonstop," A-106. The district judge stated on the record that the new criminal conduct for which Devine pled guilty represents Devine's "fifth felony conviction," including "prior federal convictions for possession and distribution of cocaine and felon in possession of firearms, as well as state convictions for narcotics distribution and criminal possession of a firearm." A-100. And Devine's conduct on supervised release "involve[d] the same exact," "very disturbing," behavior, including use of drugs and the possession of loaded weapons and bulletproof vests. A-106. Based on the record evidence, the district court did not err—let alone clearly or obviously err—in finding that Devine had engaged in a continuous pattern of criminal activity.

Second, the district court adequately explained the reasons for its imposition of an above-Guidelines sentence. The district judge stated that "a significant sentence" was appropriate with respect to Devine's violations of supervised release because Devine's criminal history involved "the outrageous violation of the [district court's] trust in having Mr. Devine on supervised release after a long period of incarceration on his last case, which involves the same exact behavior." A-106. The statutory maximum sentence of 36 months' imprisonment was appropriate, in the district judge's view, because "while on supervised release for cocaine distribution and being a felon in possession of a firearm, [Devine] continued this same exact behavior by possessing two handguns, a quantity of Ecstasy and associating with known felons who have related cases." A-107–08. Those explanations are sufficient to "inform[] the defendant of the reasons for his

5

sentence," to "permit[] meaningful appellate review," and to "enabl[e] the public to learn why the defendant received a particular sentence." *Villafuerte*, 502 F.3d at 210.

Finally, Devine has offered no record evidence to overcome the presumption that the district court considered the statutory factors before revoking his supervised release. *See Pugh*, 945 F.3d at 25. To the contrary, the district judge correctly noted that the Guidelines range for Devine's violations of supervised release was 18 to 24 months' imprisonment. Nevertheless, after the district court reviewed and considered all pertinent information, including the presentencing report, plea agreement, submissions by counsel, the sentencing guidelines manual, and the factors listed in 18 U.S.C. § 3553(a), the district judge sentenced Devine to the statutory maximum of 36 months' imprisonment. The district judge opted to impose the statutory maximum sentence due to "the nature and circumstances of the instant offense," which the district court fully considered. A-100, A-106. The district court did not commit procedural error in arriving at this sentence.

**II.    Substantive Reasonableness**

Devine also challenges the substantive reasonableness of his sentence on the ground that the 36-month term of imprisonment was not supported by the factors listed in 18 U.S.C. § 3553(a). "Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Smith*, 949 F.3d 60, 65–66 (2d Cir. 2020) (quoting *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018)). In determining the reasonableness of a criminal sentence, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016) (internal citation omitted). While we "patrol the boundaries of reasonableness,"

we "do not consider how we might have weighed particular factors." *United States v. Ceasar*, 10 F.4th 66, 79 (2d Cir. 2021) (internal citations omitted). Instead, we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (internal citation omitted).

Devine argues that the district court's imposition of an additional 12 months' imprisonment above the Guidelines range was not supported by the relevant sentencing factors contained in 18 U.S.C. § 3553(a). That argument, apart from misunderstanding the applicable standard of review on appeal, ignores the record. At the revocation and sentencing hearing, Devine admitted five violations of the terms and conditions of his supervised release, including possession of two loaded handguns, possession of a felony quantity of ecstasy, use of marijuana and methamphetamine, association with known felons, and noncompliance with a search condition. The district court expressed concern about the "dangerous" and "violent" nature of Devine's conduct. A-106. The court also noted that Devine's misconduct persisted throughout the duration of his supervised release, despite the district court's efforts to facilitate compliance through modifications to the terms and conditions of release. Given Devine's ongoing failure to comply with the terms of his supervised release, and his disregard for the district court's prior efforts to grant him leniency, the district judge concluded that Devine had "outrageous[ly] violat[ed] . . . the [district court's] trust." A-106. Under these circumstances, the sentence imposed by the district court was not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

\* \* \*

We have considered Devine's remaining arguments and find them to be without merit.

7

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk