24-193-cr
*United States v. Amadeo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand twenty-five.

PRESENT:
>JOHN M. WALKER, JR.,
>JOSEPH F. BIANCO,
>BETH ROBINSON,
>>*Circuit Judges*.

---

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                    24-193-cr

JOSEPH AMADEO,

>*Defendant-Appellant*.

---

FOR APPELLEE:                          SHAN P. PATEL, Assistant United States Attorney (Amanda S. Oakes and Conor M. Reardon, Assistant United States Attorneys, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT:   TRACY HAYES, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender for the District of Connecticut, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District Court of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on January 10, 2024, is **AFFIRMED**.

Defendant-Appellant Joseph Amadeo appeals from the district court's judgment of conviction following his guilty plea to receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Amadeo was previously convicted in Connecticut state court in connection with his downloading and sharing of child pornography on a peer-to-peer file sharing network, and was sentenced in 2013 to ten years' imprisonment, which was fully suspended, and five years of probation. In the instant federal case, investigators from Homeland Security Investigations ("HSI") determined that, in 2020, an internet user at Amadeo's residence accessed a website on the dark web dedicated to child sexual exploitation. HSI subsequently searched the residence, pursuant to a court-authorized search warrant, and found, *inter alia*, thousands of images of child pornography on Amadeo's seized electronic devices. A forensic examination of these devices revealed evidence that Amadeo received certain child pornography through the internet. During an interview at HSI several weeks after the search, Amadeo admitted to downloading child pornography on the dark web and stated that he would routinely save the images on the electronic devices seized by law enforcement during the search, including his external hard drive, thumb drives, and CD/DVDs. Following his guilty plea, the district court principally sentenced Amadeo to a term of 84 months' imprisonment, which was below the applicable advisory range of 97 to 121 months' imprisonment under the United States Sentencing Guidelines (the "Guidelines"), followed by a life term of supervised release. On appeal, Amadeo argues that the sentence was both procedurally and substantively unreasonable. We assume the parties' familiarity with the

2

underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We generally "review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (per curiam). However, we apply plain error review to procedural-reasonableness challenges not raised in the district court. *See United States v. Villafuerte*, 502 F.3d 204, 208–09 (2d Cir. 2007). To demonstrate plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant]'s substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (internal quotation marks and citation omitted).

## I. Procedural Reasonableness

Amadeo first argues that the district court procedurally erred by failing to properly consider the sentencing factor enumerated in 18 U.S.C. § 3553(a)(6)—namely, the need to avoid unwarranted sentencing disparities—when imposing the sentence here. Because Amadeo did not raise this objection before the district court, "our review on appeal is restricted to plain error." *United States v. Wagner-Dano*, 679 F.3d 83, 89 (2d Cir. 2012). We identify no procedural error, plain or otherwise.[1]

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [Section] 3553(a) factors, selects a sentence based on clearly

---

[1] Amadeo argues that we should not apply plain error review here because his identification of comparator cases in his sentencing submission sufficiently preserved his objection. We need not resolve this issue, however, because our conclusion would remain the same under an abuse-of-discretion standard.

erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks and citation omitted). We "will presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the [Section 3553(a)] factors." *United States v. Pugh*, 945 F.3d 9, 25 (2d Cir. 2019) (internal quotation marks and citation omitted). "The district judge is not obligated to discuss each section 3553(a) factor on the record or even to note that those factors were considered before imposing [a] sentence." *Id.*

Here, the district court acknowledged that it must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." App'x at 221. It also stated that it "thought about and [took] into account each of the[] [Section 3553(a)] factors." *Id.* The district court then directly addressed the comparator cases Amadeo proffered in his sentencing submission, explaining that some of those cases "were for possession" of child pornography, which carries a lower base offense level than receipt of child pornography, and that "the specific offense conduct was dramatically different in each one of those cases." *Id.* at 227. Contrary to Amadeo's assertion, the district court was not required to further "explain[] . . . how its sentence avoids unwarranted disparities," Appellant's Br. at 13, because "the requirement to consider § 3553(a) factors is *not* synonymous with any requirement that a particular factor be given determinative or dispositive weight in the identification of the appropriate sentence," *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (emphasis in original) (internal quotation marks and citation omitted).

Accordingly, the district court did not commit any procedural error in its consideration of the Section 3553(a)(6) sentencing factor.

## II.     Substantive Reasonableness

Amadeo next argues that his 84-month sentence was substantively unreasonable because the sentence was greater than the sentences imposed on similarly situated defendants and failed to properly take into account Amadeo's mitigating factors.   We find this argument similarly unpersuasive.

"Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice."   *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (alteration adopted) (internal quotation marks and citation omitted).   We do not "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case but will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (per curiam) (emphasis in original) (internal quotation marks and citation omitted).   We have emphasized that, because in "the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," it is "difficult to find that a below-Guidelines sentence is unreasonable."   *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) (internal quotation marks and citation omitted).

To be sure, we have cautioned that Guidelines Section 2G2.2, the Guideline governing child pornography offenses, "is fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires." *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010); *accord United States v. Jenkins*, 854

F.3d 181, 188–89 (2d Cir. 2017). Indeed, Section 2G2.2 can produce sentencing ranges "rapidly approaching the statutory maximum, based solely on sentencing enhancements that are all but inherent to the crime of conviction." *Dorvee*, 616 F.3d at 186. Those concerns, however, are not present here. The district court, citing *Dorvee*, acknowledged the difficulty of applying the Guidelines in this case and determined that a "variance" from the Guidelines "better enabled [it] to put appropriate weight on what [it] believe[d] [were] the most important factors here." App'x at 226. The district court ultimately imposed a below-Guidelines sentence that fell "well short of the statutory maximum" of 240 months. *United States v. Aumais*, 656 F.3d 147, 157 (2d. Cir. 2011).

The record reflects that the district court carefully considered and balanced the Section 3553(a) factors in connection with the specific circumstances of Amadeo's case. The district court explained that, in this particular case, "specific deterrence and protecting the public are the most important considerations and secondary to that is the need for the sentence imposed to reflect the very serious nature of the offense conduct." App'x at 224. It pointed out that this was the second time that Amadeo had been convicted of a criminal offense involving receipt of child pornography, that he escalated his conduct by accessing child pornography through the dark web, and that he had a high risk of recidivism. On this record, we conclude that the Section 3553(a) factors upon which the district court relied "can bear the weight assigned [to them] under the totality of circumstances in the case," *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008), and that the 84-month sentence was not "shockingly high, . . . or otherwise unsupportable as a matter of law," *Muzio*, 966 F.3d at 64.

Amadeo points to various mitigating factors—including his mental and physical health, his lack of prior time served in prison, and the lower sentences imposed on purportedly similarly

6

situated offenders—that he asserts supported a lower sentence. The district court, however, considered all of these factors at sentencing. With respect to his mental health, Amadeo argued below that he had been diagnosed with autism spectrum disorder ("ASD"), and invoked a report prepared by Dr. George Geysen, a psychologist who had evaluated him in 2012 in connection with his state conviction and again in connection with the instant offense. Following an evidentiary hearing held during sentencing, at which Dr. Geysen testified, the district court explained in detail why it did not view Amadeo's ASD as a mitigating factor. Indeed, as the district court noted, Dr. Geysen testified that, "with respect to his sex offense recidivism[,] Mr. Amadeo's risk to engage in [a] future . . . [i]nternet-related offense, if unmonitored, appears unchanged" from the time of his prior conviction, and Amadeo had "a moderate to high risk to reoffend in a noncontact hands-off manner." App'x at 85–86. In addition, as to Amadeo's medical conditions, the district court explained that they were "not present to an unusual degree" and, in any event, did not warrant a variance. *Id.* at 225, 226. Furthermore, the district court agreed that Amadeo's lack of prior time served in prison was a mitigating factor, but notwithstanding that, Amadeo still had a "clear understanding of . . . [the] wrongfulness of his conduct" in a "concrete and compelling way" due to his prior conviction, yet he again engaged in the same criminal conduct. *Id.* at 231.

With respect to the comparator cases, Amadeo points to the average sentence imposed under Section 2G2.2 on offenders with his total offense level in criminal history category I, which was approximately one year shorter than the sentence he received. However, as discussed *supra*, the district court found the comparator cases Amadeo proffered were inapposite because they involved different convictions and "dramatically different" specific conduct. *Id.* at 227. Further, unlike most offenders with a criminal history category I, Amadeo had a prior conviction involving child pornography. Amadeo's proffered chart of other sentences for child pornography offenders

7

fails to demonstrate that his own sentence is "an outlier" for an individual with his offense conduct and a prior conviction involving similar criminal conduct. Appellant's Reply Br. at 1; *see United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) ("Averages of sentences that provide no details underlying the sentences are unreliable to determine unwarranted disparity because they do not reflect the enhancements or adjustments for the aggravating or mitigating factors that distinguish individual cases." (alteration adopted) (internal quotation marks and citation omitted)). Although Amadeo suggests that his prior conviction does not provide an adequate basis for the difference between his sentence and those imposed in the other cases that he identified, that argument boils down to a disagreement with the district court's decision to afford more weight to certain Section 3553(a) factors. Such disagreement cannot demonstrate an abuse of discretion where, as here, the below-Guidelines 84-month sentence was reasonable in light of all the sentencing factors considered by the district court. *See United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) ("[T]he weight to be given [sentencing] disparities, like the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." (internal quotation marks and citation omitted)). In sum, we conclude that the district court's sentence is substantively reasonable.

*       *       *

We have considered Amadeo's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court